## *In re* TREADWELL and others, Bankrupts.

### (*District Court, D. California.* May 16, 1883.)

BANKRUPTCY—COMPENSATION OF ATTORNEY OF ASSIGNEE.

As the attorney of the assignee appears to have saved to the estate $30,000, after protracted litigation, *held,* that $5,000 should be allowed as a fair and reasonable compensation for such services as had been rendered and as should be required as incidental to the final closing up of the estate.

In Bankruptcy.

*Lloyd Baldwin, in propria persona.*

*T. Z. Blakeman,* for opposing creditors.

HOFFMAN, J.   Considering that by the efforts of the attorney for the assignee the sum of $30,000 was saved to the estate after a protracted litigation in this court, and in the circuit court on appeal.

2. That more than half the creditors have expressly in writing assented to the allowance to the attorney of $5,500; that creditors to the amount of $99,175, who have not signed the assent, were present at the creditors' meeting, and offered no objection to the allowance, and do not now object to the same, and the creditors who now except represent only one-eleventh of the total amount of unsecured debts, viz., $368,854.61.

3. That the attorney for the objecting creditors proposed at the beginning of the litigation to compromise the same by paying $5,000 in satisfaction of the claim of $30,000, which offer was declined by the claimants, and that by the final decree of the court the whole claim has been rejected.

4. That the claim, if allowed, would have absorbed the whole as-

sets of the estate then remaining undisturbed in the hands of the assignee; and that the services of the attorney in resisting and finally defeating the claim were rendered with no certain assurance of compensation; and that such compensation was practically contingent on the result of the suit.

5. That the claim of Amos Ranke against the estate for $27,000 was defeated after argument and reargument on demurrer; and that other claims were presented, in opposing which the services of the attorney in opposition to them were necessary and were rendered.

6. That numerous attendances in court, consultations with the assignee, communications, oral and in writing, with creditors occurred, which must necessarily have occupied a considerable portion of the attorney's time, and for which he is entitled to compensation.

In view of the foregoing, I allow the sum of $5,000 as being in my judgment a fair and reasonable compensation for the services of the attorney rendered since March, 1881. I have reduced his claim by $250 on the grounds (1) that the fees claimed for preparing the petition, orders, etc., for a sale of remaining assets of the estate, amounting to $364, is in my opinion excessive; (2) that I am doubtful whether the assignee can charge against the estate any sum for fees paid to his attorney for drawing a bond which by order of the court he was required to give.

It is understood that the sum hereby allowed includes compensation for services, if any, which may hereafter be rendered by the attorney incidental to the final closing up of the estate.